# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Robert Komor,<br><br>  Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>  Defendants. | No. CV-22-00077-TUC-SHR<br><br>**Order Re: Motion for Recusal and Miscellaneous Motions** |

On February 14, 2022, Plaintiff Christian Komor filed a Complaint in this Court alleging four causes of action related to the federal government's handling of environmental policy and regulation. (Doc. 1.) Plaintiff has also filed a Motion for Recusal (Doc. 27), Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 28), "Motion to Sever" which appears to be a motion to dismiss certain defendants (Doc. 29), and a Request for the Clerk's Entry of Default (Doc. 30).

**Motion for Recusal**

Plaintiff requests this Court recuse itself from this case "[u]nder Title 28 of the United States Code," "based on You Honor[']s long-standing and active involvement with the Federalist Society." (Doc. 27.) Plaintiff alleges the Federalist Society "receives corporate funding from members of the Oil & Gas Industry such as Chevron and also private donations from individuals who are invested in and supportive of this industry such as the Koch Brothers Family Foundation," and the "Oil & Gas Industry has typically taken

a position on global warming in direct opposition to the arguments presented in [this case]." (*Id.*)  Therefore, "Plaintiff believes that involvement in the Federalist Society may intentionally or unintentionally prejudice Your Honor regarding the instant Complaint." (*Id.*)  Although Plaintiff fails to identify the statute underlying the basis of his motion, beyond broadly referring to Title 28,[1] the statutes for recusal are 28 U.S.C. §§ 144 and 455.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff has filed no such affidavit.  Therefore, there is no legal basis for recusal under § 144.

Section 455(a) requires recusal "in any proceeding in which [the judge's] impartiality might reasonably be questioned," as well as under five specific circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer

---

[1] Title 28, titled "Judiciary and Judicial Procedure," contains a wide variety of statutes pertaining to the functions of the Federal Judiciary as the third branch of government and judicial procedures, including, among other things, the number of justices on the United States Supreme Court, the powers and duties of the United States Marshals Service, jurisdiction of federal courts, specific trial procedures, and habeas corpus procedures.

>   concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>>   (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>   (ii) Is acting as a lawyer in the proceeding;
>>   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Under this provision, "what matters is not the reality of bias or prejudice but its appearance." *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)).

Plaintiff has not identified which, if any, of the above five circumstances apply, and the Court finds its membership in the Federalist Society is not encompassed by any of the above circumstances. To the extent Plaintiff's motion can be understood as arguing the Court's "impartiality might reasonably be questioned" under § 455(a) because the Court is a member of an organization that allegedly accepts contributions from other organizations and companies invested in and supportive of the oil and gas industry, the Court finds this assertion unavailing. Plaintiff cites no authority or evidence supporting his position. Nonetheless, the Court finds the most analogous case law available are cases in which

judges have been asked to recuse themselves because of their monetary contributions to universities. The Ninth Circuit has conclusively determined that being an alumnus of the university which is the subject of litigation does not require recusal. *See e.g., Maurey v. Univ. of S. Cal.*, 12 F. App'x 529, 532 (9th Cir. 2001) (alumnus judge giving yearly contributions, engaging in fundraisers, and aiding in moot court competition at law school need not recuse); *Hochman*, 145 F.3d at 1076 (alumnus judge's yearly contribution to school was considered "minimal contact" not requiring recusal); *Lunde v. Helms*, 29 F.3d 367, 370–71 (8th Cir. 1994) (without more, graduating from the law school not reasonable basis for recusal).

In *Maurey*, the plaintiff sought to recuse the judge based on her affiliation with the University of Southern California law school and the Ninth Circuit concluded the judge has not abused her discretion in declining recusal because her small annual contributions to the law school, participation in fundraising for the school, serving as a guest judge for the school's moot court competition, and membership on the school's Board of Councilors did not call into question her impartiality in a case in which USC was a named defendant. 12 Fed. Appx. at 532. Similarly, in *Hochman*—a case also involving the University of Southern California, the judge's main contact with USC was "a small yearly contribution to the law school's alumni association," which the Ninth Circuit concluded was an "insignificant contact" and "would not reasonably lead one to question his impartiality, in particular because USC [was] not a named party and because the relationship between this case and USC's law school [was] virtually nonexistent." 145 F.3d at 1076. There, employees of the Los Angeles Veterans Administration Outpatient Medical Clinic brought an action under the False Claims Act against the clinic administrators and physicians who were affiliated with both the clinic and USC's medical school. *Id.* at 1070. Thus, the Ninth Circuit concluded the judge's contacts with USC were so minimal that no reasonable person would question his impartiality. *Id.*

The Court in this case similarly makes a nominal annual contribution to the Federalist Society in the form of a membership fee. *See* The Federalist Society, Membership, https://fedsoc.org/membership (last visited: April 26, 2022) ($25.00 annual

membership rates for public sector).  Unlike in *Maurey* and *Hochman,* the organization at issue here is not only not a named party, but has no affiliation with any of the named defendants.  Moreover, the Federalist Society is comprised of over 65,000 legal professionals with active chapters in ninety cities and takes no policy positions.  *See* The Federalist Society, *About Us*, https://fedsoc.org/about-us (last visited: April 26, 2022) ("The Society is about ideas.  We do not lobby for legislation, take policy positions, or sponsor or endorse nominees and candidates for public service.  Beyond our statement of purpose the Federalist Society takes no public policy positions and does not participate in activism of any kind.  We focus on fostering debate and discussion of important legal topics.  We do not seek to speak for our members, and neither do our speakers.").  Thus, the Court finds no reasonable person would question this Court's impartiality in this case.  Plaintiff's motion for recusal is denied.

### Plaintiff's Complaint

In his Complaint, Plaintiff alleges the following:  (1) "Violation of the Due Process Clause of the Fifth Amendment"; (2) "Violation of Equal Protection Principles Embedded in the Fifth Amendment"; (3) "The Enumerated Rights Preserved for the People by the Ninth Amendment" ; and (4) "Violation of the Public Trust Doctrine."  (Doc. 1.)  These four causes of action are materially identical to the causes of action in his other case in this District, *Komor v. United States, et al.*, No. 4:19-cv-00293-RCC ("2019 Case").  (Doc. 1 in 2019 Case.)

The Honorable Raner C. Collins stayed the 2019 Case and ordered the Clerk of Court to administratively close the case, pending the District Court of Oregon's resolution of *Juliana, et al. v. United States et al.*, No. 6:15-CV-01517-AA (D. Or. 2015), which is practically identical to Plaintiff's Complaint in the 2019 Case.  Judge Collins further ordered:  "If Plaintiff wishes to continue litigating this matter after resolution of *Juliana v. United States*, No. 6:15-CV-01517-AA (D. Or. 2015), he must request that the stay be lifted within thirty days of the final order disposing of the case." (Doc. 33 in 2019 Case.)  After staying the 2019 Case, Judge Collins received an improperly submitted response to the motion to stay, and correctly denied Plaintiff's request to reconsider the stay and

consolidate the 2019 Case with the *Juliana* case in Oregon.  (Doc. 34 in 2019 Case.)  In so doing, Judge Collins reiterated his previous order, instructing that if Plaintiff wished to continue litigating the 2019 Case and have it reopened, pending the resolution of *Juliana*, "he may follow the procedures outlined in the Court's August 26, 2019 Order."  (*Id.*) Plaintiff has not done so, as *Juliana* remains active and has not yet been resolved.

Although Plaintiff's instant complaint contains only four of the five causes of action in the 2019 Case, those causes of action are materially identical.  Further, the majority of named defendants in both cases are identical.  Therefore, Plaintiff's instant action appears to be nothing more than an attempt to circumvent Judge Collins's orders in the 2019 Case and is a violation of Rule 11(b) of the Federal Rules of Civil Procedure.  To reiterate Judge Collins's previous orders:  If Plaintiff wishes to continue litigating the claims brought in the 2019 Case, he may do so by following the procedures outlined in the August 26, 2019 Order.  Further, this Court emphasizes Judge Collins's previous order in the 2019 Case instructing that although Plaintiff is proceeding pro se, he "shall familiarize himself with the Federal Rules of Civil Procedure and the Local Rules for the District of Arizona." (Doc. 25 in 2019 Case.)

**Other Pending Motions**

Given the disposition of Plaintiff's Complaint, the Court denies his remaining motions as moot.  However, the Court notes Plaintiff's request for entry of default is meritless because it appears Plaintiff has not properly served defendants.  Under Rule 4(i)(1–2) of the Federal Rules of Civil Procedure, to serve the United States or a United States agency, corporation, officer, or employee, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office" and must "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Although it appears Plaintiff served the United States Attorney General (Doc. 24), a review of the record shows he has not

delivered or sent a copy of the summons and complaint to the United States Attorney's Office in the District of Arizona. Therefore, Plaintiff is not entitled to entry of default.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Recusal (Doc. 27) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** Plaintiff's other pending motions (Docs. 28 and 29) are **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall docket accordingly and **close this action**.

Dated this 16th day of May, 2022.

Honorable Scott H. Rash
United States District Judge