# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### United States Courthouse
### 405 West Congress Street
### Tucson, AZ 85701-5010

FILED _____ LODGED
RECEIVED _____ COPY

MAY 1 8 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____

**Christian Robert Komor, Plaintiff**

**v.**                                          **Civil Action No. CV-22-00077-TUC-SHR**

**The United States of America, et al**


## PLAINTIFFS MOTION FOR DEFAULT JUDGEMENT

----------------------------

May 15, 2022

Honorable Judge Rash

    1.   Under Rule 55 of the Federal Rules a DEFAULT judgment may be entered against the United States, its officers, or its agencies if the Defendant has been properly served but fails to file a response within 60 days. The Defendants having been properly served notice of the Plaintiffs Complaint on March 1 and March 2, 2022, the Clerk has by now certainly completed an ENTRY OF DEFAULT which was submitted by the Plaintiff on May 2, 2022 and the Plaintiff is now MOTIONING THE COURT FOR DEFAULT JUDGEMENT against the Defendants in Civil Complaint 22-00077 those Defendants being Joseph Biden, Steffanie, Feldman, Gina McCarthy, Sonia Aggarwal, David Hayes, Ali Zaidi, Deborah Haaland, Jennifer Granholm, Brenda Mallory, Melanie Nakagawa, Jahi Wise, and Cecilia Martinez.

    2.   The Government acts in concert as evidenced by the fact that the U.S. Attorney's Office would represent all of the Defendants in responding to the Complaint with none of the Defendants themselves personally, or departmentally responding.

Case 4:22-cv-00077-SHR   Document 33   Filed 05/18/22   Page 2 of 6

**2** | Komor vs. United States                    CV-22-00077-TUC-SHR

3.   The Plaintiff asserts there is long-standing, comprehensive and continuing evidence that the Defendants have consistently refused to acknowledge the harmful effects on the Plaintiff of global warming caused by greenhouse gas emissions. For many decades the Defendants, through their respective Offices, have refused to act on scientific evidence presented by their own staff and advisors. During the United Nations COP26 climate summit in Glasgow, Scotland (November, 2021) the Defendants stated repeatedly they would authorize further oil and gas exploration in the waters of the United States. Within 2 weeks the Defendants had made available new leases on 80 million acres in the Gulf of Mexico. During Defendant Biden's campaign for President he promised to "never, never, never open up onshore drilling again" (Biden, 2020). Last month the Biden Administration did just that - re-opening 144 thousand acres of public lands to *onshore* oil and gas drilling. While the Plaintiff's Complaint does not, at its core, seek to address reductions in fossil fuel emissions, but rather to remediate their effects, the point is it is apparent from the Defendants recent actions that they are continuing a pattern of prevarication and refusal to take action in spite of decades of overwhelming evidence regarding the harm caused by global warming. Even should the Defendants attempt to maneuver around the 60-day requirement for their response to this Complaint, the Plaintiff asks the Court to take into account this long history of negligence. The Defendants have had chance after chance, at their convenience, to address the threat of greenhouse gas emissions and have refused to do so. The Plaintiff argues to the Court that, at this very late date, any request by the Defendants for whatever reason is simply a continuation of their negligent conduct. The Plaintiff asserts that any request for further delays, grace periods, extensions, or appeals by the Defendants are simply part of this pattern of negligent conduct meriting only expeditious action without further delay.

4.   With this in mind, the Plaintiff Motions that the Court hold the Defendants collectively in DEFAULT and FIND FOR THE PLAINTIFF a final and binding judgement to include:

Case 4:22-cv-00077-SHR   Document 33   Filed 05/18/22   Page 3 of 6

**3** | Komor vs. United States                          CV-22-00077-TUC-SHR

5.     An admission that the Defendants have violated and are violating Plaintiffs' fundamental constitutional rights to life, liberty, and property by substantially causing or contributing to a dangerous concentration of greenhouse gasses in the atmosphere, and that, in so doing, the Defendants dangerously interfere with a stable climate system required by our nation and Plaintiff alike.

6.     An admission that the government's awareness of the problem of greenhouse gas emissions dates back half a century. In spite of many government and NGO studies, reports and recommendations in the interim, the Defendants have continued to ignore the problem allowing emissions to continue their rapid escalation.

7.     An admission that the preponderance of scientific evidence shows that without manually removing existing atmospheric carbon (and other greenhouse gasses) called "legacy emissions", even should we reduce further greenhouse gas emissions to zero, the extremely long life of these gasses means this will have no meaningful impact on the course of climate disruption. There is too much greenhouse gas already in the atmosphere and it's not going anywhere.

8.     An admission that without a functioning habitat all other human endeavors become palliative at best. For the Plaintiff to have a viable chance at life, liberty and property the Defendants must give up their "business as usual" mindset and get on "war footing" regarding Climate Change. This issue must have first priority realizing, as US Climate Envoy John Kerry pointed out, 2021 may be our last year to get on the right track.

9.     An admission that, having claimed sole dominion, the Defendants are responsible for remediating this egregious damage to the natural atmospheric systems on which the Plaintiff and his fellow citizens depend for life, liberty and property.

Case 4:22-cv-00077-SHR   Document 33   Filed 05/18/22   Page 4 of 6

**4** | Komor vs. United States                    CV-22-00077-TUC-SHR

10.    An admission that the preponderance of scientific evidence has demonstrated that somewhere in the mid-2030's we will hit a dangerous tipping point which geohistorically has occurred at 450 ppm dissolved atmospheric carbon (or 10 GtC of ocean-dissolved $CO_2$, whichever happens first). Feedback-loops in Earth's ecosystems that are already altered will then lock into a "new normal" incompatible with the continued survival of most existing land and aquatic species. There is substantial evidence that we will not be able to reverse course after this point.

11.    An admission that the Defendants will publicly establish and develop national infrastructure to maintain atmospheric carbon dioxide concentrations below 425 ppm realizing that the preponderance of scientific evidence shows breaching the 450 ppm level presents and unacceptably high risk of triggering a cascade failure of critical ecosystems effectively ending the Plaintiffs Constitutionally protected rights to life, liberty and property.

12.    An admission that the preponderance of scientific evidence demonstrates that an artificially caused excess of greenhouse gasses cannot be removed in a timely fashion by nature unaided. That the Defendants must now shoulder the burden of manually removing these dangerous gasses. The Defendants have already had many decades to prepare the national economy to facilitate these remediatory efforts. Evidence strongly suggest we must not take the risk of further delay.

13.    An agreement that the Defendants will therefore put into effect by the year 2025 a national program for Direct Air Carbon Removal capable of capturing a net 10 GtC/yr of $CO_2$ per year in order to avoiding breaching the 450 ppm climate deadline. Carbon removal from the atmosphere is the primary relief sought by the Plaintiff *without which any other relief will be insufficient to answer this Complaint. Any levels of greenhouse gas emissions reductions and, or increased use of renewable energy sources are wholly and completely insufficient as relief without also removing legacy carbon emissions.*

14.     Enjoin the Defendants from further violations of the Constitution underlying each claim for relief.

15.     Order the Defendants to establish requirements for greenhouse gas emissions capture and sequestration in the oil and gas, cement production and transportation industries meeting the standards set by the Intergovernmental Panel on Climate Change.

16.     Order that the Defendants agree to the immediate cessation of further permitting of the fracking industry, withdraw all existing permits for this dangerous technology, and order removal of all hydraulic fracturing installations including all chemicals used or stockpiled for use both on the surface and underground while avoiding further greenhouse gas release.

17.     Enjoin the Defendants from making further false public statements regarding the efficacy of emissions reduction and alternative energy which do not include clear and accurate discussion of the lack of efficacy of these interventions without direct removal of existing legacy emissions.

18.     Establish careful and continual *Court Ordered Supervision* of the Defendants compliance with all of the aforementioned elements of the Complaint. The Defendants have heretofore evidenced a reckless disregard for the Plaintiff's rights and welfare and a gross absence of judgement concerning the nature of greenhouse gas emissions and their effects on global warming. There is no evidence the Defendants can be trusted to independently manage and oversee remediative efforts in regard to greenhouse gas emissions.

19.     If the Defendants are unwilling or unable to effectuate a plan for Direct Air Carbon Removal, Plaintiff's Complaint would alternatively be satisfied through direct monetary relief sufficient to pay for a private sector commercial company such

as ClimeWorks AG or Climate Engineering CA to conduct Direct Air Carbon Removal operations. The process is straightforward and easily monitored and the cost plain to calculate. To reach a pre-industrial level of dissolved atmospheric carbon (275 parts per million) it would be necessary to remove approximately 950 gigatons (950,000,000,000 metric tons) of carbon from the atmosphere over the next 15 years. The current levelized cost per ton $CO_2$ captured from the atmosphere is approximately 150$/t-$CO_2$. (The greenhouse gasses methane and nitrous oxide at $1,500 a ton and $18,000 respectively will not require artificial removal at this time.)

20.    Award compensatory damages to the Plaintiff at his previous professional rate for lost time expended developing and prosecuting this Complaint and previous campaigns, complaints and petitions on which CV-22-00077 developed its foundations. The formula would be 780 hours per year multiplied by 7 years or 5,460 hours times $170 per hour equaling $928,200.

21.    Award all costs of this current legal action and all associated fees to the Plaintiff.

22.    Provide such other and further relief as the Court may deem just, proper and appropriate.

This MOTION being respectfully submitted by the Plaintiff,

Date: May 15, 2022                    Signature of Christian R. Komor, Plaintiff